IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DEBORAH G. COPPER                                                                PLAINTIFF

          v.                    Civil No. 2:14-CV-2219-MEF

CAROLYN COLVIN, Commissioner
Social Security Administration                                                   DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Deborah Copper, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability, disability insurance benefits ("DIB"), disabled widow's insurance benefits ("DWIB")[1], and supplemental security income under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff filed an application for DIB and SSI on August 29, 2008, alleging an onset date of August 17, 2008, due to occasional chest pain; hypertension; back, knee, ankle, wrist, leg, and hand pain; muscle spasms; stomach problems; headaches; high cholesterol; obesity; and, depression.  Tr. 206-207, 227-228, 248, 273-274, 716-718.  The Commissioner denied Plaintiff's applications initially and on reconsideration.  Tr. 46-47.  An Administrative Law Judge ("ALJ")

---

[1] DWIB is available to disabled widows or widowers between the ages of 50 and 60.  *See* https://faq.ssa.gov/link/portal/34011/34019/Article/3766/Who-can-get-Social-Security-survivors-benefits-and-how-do-I-apply.

held an administrative hearing on July 28, 2010, and entered an unfavorable decision on October 19, 2010.  Tr. 51-59, 728-756.  On October 22, 2010, the Plaintiff petitioned the Appeals Council to review the ALJ's decision.  Tr. 91.

In January 2011, while her appeal was pending before the Appeals Council, she filed a new application for SSI and an application for WDIB, alleging disability beginning August 31, 2008.  Tr. 244, 248, 719-725.  On July 14, 2011, the Administration granted benefits as of October 20, 2010.  Tr. 65.

On January 25, 2012, the Appeals Council granted the Plaintiff's request for review.  Tr. 95-99.  The Council entered a remand order on March 13, 2012, ordering the ALJ to obtain additional medical evidence including an updated orthopedic consultative exam, mental evaluation, and medical source statements.  The Appeals Council also reopened the Plaintiff's January 2011 applications for SSI and DWIB, merging them with her prior applications for full consideration by the ALJ.  Tr. 64-67.

On April 2, 2013, the ALJ held a supplemental hearing.  Tr. 757-775.  The Plaintiff was present and represented by counsel.  At this time, she was 58 years old.  Tr. 752.  She possessed a general education diploma, and past relevant work ("PRW") experience was as a cook and commercial cleaner, hand packager, and agricultural produce sorter.  Tr. 208-215, 235-242, 249, 254-255, 762.

On June 17, 2013, the ALJ entered a partially favorable decision, finding the Plaintiff disabled for the period beginning April 23, 2011.  Tr. 23-24.  However, prior to April 23, 2011, the ALJ concluded that she retained the residual functional capacity ("RFC") to perform medium, unskilled work. Tr. 27.  With the assistance of a vocational expert, he then determined the Plaintiff could perform her PRW as a hand packager and agricultural produce sorter.  Tr. 33.

On June 7, 2013, the Appeals Council denied Plaintiff's request for review. Tr. 8-10. Subsequently, the Plaintiff filed this action. ECF No. 1. This case is before the undersigned by consent of the parties. ECF No.7. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 10, 13.

## II.  **Applicable Law:**

This court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Teague v. Astrue*, 638 F.3d 611, 614 (8th Cir. 2011). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id.*

A claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and

3

laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A Plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Only if he reaches the final stage does the fact finder consider the Plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III. Discussion:

As previously mentioned, the ALJ found the Plaintiff disabled as of April 23, 2011. However, we do not find that substantial evidence supports this onset date. In determining the disability onset date, the ALJ should consider the Plaintiff's alleged date of onset, her work history, and the medical and other evidence of her condition. *Karlix v. Barnhart*, 457 F.3d 742, 747 (8th Cir. 2006); SOCIAL SECURITY RULING (SSR) 83-20. "[T]he date alleged by the individual should be used if it is consistent with all the evidence available." SSR 83-20.

"With slowly progressive impairments, it is sometimes impossible to obtain medical evidence establishing the precise date an impairment became disabling." SSR 83-20. How long the disease may be determined to have existed at a disabling level of severity depends on an informed judgment of the facts in the particular case. *Id*. In such cases, where the medical

4

evidence regarding onset is ambiguous, the AC should obtain an expert opinion from a medical advisor to determine a medically reasonable date of onset. *Karlix*, 457 F.3d at 747.

On April 22, 2011, the Plaintiff presented in the emergency room after experiencing a stroke. Tr. 438-483, 596-641. Records reveal that she lay on the floor for the greater part of the day before her son found her and called an ambulance. A CT scan conducted at this time revealed an old infarct in the left occipital lobe, old lacunar infarcts in the bilateral basal ganglia, and mild central volume loss. It is clear that the Plaintiff's condition deteriorated following these events, ultimately resulting in her placement in a nursing home and necessitating a walker to ambulate. Tr. 763, 765. However, looking back at the medical evidence and testimony, we note that the Plaintiff underwent an eye examination with opthamologist, Dr. Randel Saylor on March 17, 2011. Tr. 422-427, 647-652. She complained of a loss of temporal vision in her right eye of at least two years duration. Following a thorough exam, Dr. Saylor noted some visual field changes of unknown etiology with early to moderate opacity of the left capsule. He determined this could be due to a lesion on the posterior visual pathway caused by a cerebral vascular incident. As such, Dr. Saylor recommended further work-up to include an MRI of the head and an EKG to rule out retinitis pigmentosa.[2]

The possibility of a cerebral vascular incident predating the April 2011 onset date is also suggested by the March 21, 2011, findings of Dr. Ngoc Hoang. Tr. 429-433, 642-646. The Plaintiff alleged a variety of disabling impairments to include indigestion, dyspepsia, food intolerance, frequent headaches dating back to 2008, muscle spasms, chronic depression, hypertension, multiple arthralgias, and a hearing impairment. Although he noted a normal range

---

[2] Retinitis pigmentosa is a degenerative condition of the retina resulting in a gradual decrease in visual acuity due to death of the photoreceptor cells. THE MERCK MANUAL, *Retinitis Pigmentosa*, at http://www.merckmanuals.com/professional/eye-disorders/retinal-disorders/retinitis-pigmentosa (last accessed October 7, 2015)

5

of motion in all joints, Dr. Hoang documented weakness in her lower extremities (3 out of 5), poor coordination, and an inability to squat and arise from a squatting position. He also assessed moderate physical limitations for work, and voiced his belief that she would need further studies/work-up to determine the degree of her disability.

The 2011 assessment is very similar to an October 2008 general physical exam conducted by Dr. Hoang. Tr. 331-335. At that time, the Plaintiff complained of problems with acid reflux, daily headaches, muscle spasms, hypertension, and pain in her knees, ankles, and hands. On exam, the Plaintiff could "barely" walk on heels and toes and could not squat and arise from a squatting position. Based on this exam, Dr. Hoang assessed moderate physical limitations for work.

In spite of Dr. Hoang's assessments, Dr. Saylor's concern that the Plaintiff might have suffered a cerebral vascular incident prior to March 2011, and the 2011 CT scan showing "old" infarcts rather than recent ones, the ALJ concluded that the Plaintiff's onset date was the day after she was hospitalized in April 2011. Unfortunately, substantial evidence does not affirmatively establish this date as the Plaintiff's date of onset. Therefore, the matter will be remanded to the ALJ for further consideration. On remand, the ALJ is directed to consult with a medical expert concerning a reasonable onset date.

We also note the ALJ's determination that the Plaintiff can perform medium, unskilled work is not supported by the overall record. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009)*; see also Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records,

6

observations of treating physicians and others, and claimant's own description of his limitations). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003); *see also Jones*, 619 F.3d at 971 (RFC finding must be supported by some medical evidence).

Plaintiff has alleged impairments involving her knees. In September 2008, x-rays of her knees revealed hypertrophic spurring along the superior pole of the right patella with mild osteoarthritic degenerative changes involving the left knee, patellofemoral joint space, and the medial compartment. Tr. 327-330, 349-350. Further, x-rays dated October 21, 2010, revealed some posterior patellar spurring in the right knee with medial spurring and degenerative changes, as well as posterior patellar spurring in the left knee with medial compartment narrowing and degenerative changes. Tr. 414, 480. As previously noted, Dr. Hoang's examinations documented difficulty walking on heels and toes, squatting and arising from a squatting position, poor coordination, and a strength deficit in her legs. He also assessed the Plaintiff with moderate work limitations. Lab tests in October 2010 also revealed an increased sedentary rate, suggesting the presence of an arthritic condition.

At both the 2010 and 2013 administrative hearings, the Plaintiff testified to difficulty standing and walking for long periods of time due to pain from her knees to her ankles. Tr. 737-741, 765, 767, 769. This is supported by her responses on Adult Function Reports dated September 2008, March 2, 2009, and February 8, 2011, documenting rather benign activities of daily living, none of which imply an ability to stand and walk for six hours as is required to perform medium

7

level work.  SOCIAL SECURITY RULING 83-10, 1983 WL 31251.  Accordingly, on remand, the ALJ is further directed to reconsider the Plaintiff's ability to perform the exertional and postural requirements of medium level work prior to April 2011.

There also appears to be a question as to whether the Plaintiff's experience as a hand packager and agricultural sorter constitutes PRW, given the short tenure of both positions.  Therefore, on remand, the ALJ should also develop the record further with regard to the Plaintiff's work experience and make explicit findings regarding the Plaintiff's ability to return to these jobs.

**IV.**     **Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 8th day of October, 2015.

/s/ *Mark E. Ford*
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE