IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DEBORAH G. COPPER                                                              PLAINTIFF


v.                      CIVIL NO. 2:14-cv-2219-MEF


CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                 DEFENDANT


**MEMORANDUM OPINION AND ORDER**


Pending now before this Court is Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA"). ECF Nos. 16, 17. The matter is before the undersigned by consent of the parties. ECF No. 7. The Government has filed a response and the matter is now ripe for resolution.

**I.    Background:**

On January 5, 2016, Plaintiff filed a motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting $8,302.80, representing a total of 34.85 attorney hours for work performed in 2014 and 2015 at an hourly rate of $187.00. ECF No. 16-1. On January 14, 2016, the Commissioner filed a response objecting to the hourly rate requested for 2014 and the number of hours Plaintiff's counsel is requesting. ECF No. 19. The

Plaintiff filed a reply on February 24, 2016, contending the fee requested is reasonable and compensable under the EAJA. ECF No. 20.

**II.     Applicable Law:**

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

The EAJA requires an attorney seeking fees to submit "an itemized statement ... stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.*  Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

The EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case, the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty

of compensation; the results obtained; and, the amount involved. *Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983). Further, the Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *Clements v. Astrue*, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); *see also Decker v. Sullivan*, 976 F.2d 456, 459 (8th Cir. 1992) ("although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

## III.   Discussion:

In the present action, Plaintiff's case was remanded by this Court pursuant to sentence four of 42 U.S.C. § 405(g). The Commissioner does not contest Plaintiff's claim that she is the prevailing party and does not oppose her application for fees under the EAJA. (ECF No. 16) The Court construes this lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party and entitled to receive an award under the EAJA.

### A.   Hourly Rate:

As a general rule, attorney fees may not be awarded in excess of $125.00 per hour-the maximum statutory rate under § 2412(d)(2)(A)-unless the Court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorney's justifies a higher fee.  28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic, though, and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Sanders v. Astrue*, 2012 WL 19422 (W.D. Ark. Jan 3, 2012), this Court decided to follow the approach set forth in *Knudsen v. Barnhart*, 360 F. Supp. 2d 963, 969-974 (N.D. Iowa 2004), wherein the Court found that "a reasonable balance between accuracy and ease of computation would be to require attorneys to adjust fees using the CPI available and applicable to the year when

services were performed." *Id.* at 974. In this case, we find that an increase in the cost of living justifies a higher fee. However, we find Plaintiff's request for compensation at the rate of $187.00 per hour for work performed in 2014 to be excessive. Accordingly, the Plaintiff is entitled to only $186.00 per hour for work performed during that time frame.

### B. Blocked Billing Entries:

The Defendant objects to 2.00 attorney hours, contending they are not compensable the EAJA because they consist of batched or blocked time entries that comingle attorney tasks with non-compensable tasks. *See Role Models Am., Inc. v. Brownlee*, 353 F3d 962, 971 (D.C Cir. 2004) (noting that where time entries "lump together multiple tasks," it is impossible for the court to evaluate their reasonableness). We agree that counsel has lumped no less than eight different tasks, some of which are non-compensable administrative tasks, into one time entry on October 10, 2015, and has requested 2.00 attorney hours for these tasks. It appears that counsel seeks compensation for additional review and research performed in conjunction with this Court's remand of the case. Accordingly, the Court will award only 1.00 attorney hour for receive and review of the Magistrate Judge's Memorandum Opinion and communicating the result to the Plaintiff.

### C. Excessive Time:

The Commissioner further opposes 2.00 hours as being excessive for the tasks performed. Plaintiff requests 1.00 hour for receipt and review of the Answer and correspondence to the client with the Answer and an explanation of the expected time chronology and anticipated scheduling order. She also asks for .50 hours for receiving and reviewing correspondence/email regarding an extension of time for filing the Defendant's brief and communication with paralegal regarding no objections to this request. Additionally, Plaintiff seeks .50 hours compensation for receipt and review of the unopposed motion for extension and correspondence to client. The Court agrees that

the time requested for the performance of these tasks is excessive. Accordingly, Plaintiff's award will be reduced by 1.00 attorney hour.

### D. Clerical Tasks:

The Commissioner also objects to a total of 2.35 attorney hours, arguing that the tasks performed were clerical in nature and did not require any legal expertise. We are governed by *Granville House, Inc. v. Department of HEW,* 813 F.2d 881, 884 (8th Cir. 1987), which held that work which could have been completed by support staff is not compensable under the EAJA. This case asserts that it is the task, rather than the title of the individual performing the task, that determines whether or not the task is clerical.

After reviewing counsel's itemization of time and the Defendant's objections, the undersigned finds that Counsel is entitled to nominal compensation for signing the correspondence to the Clerk regarding reissuance of summons and receiving the confirmation of reassignment. However, we do find that the Plaintiff is entitled to the time requested for receiving and filing nine various filing confirmations, e-filing documents, receiving and filing the summons re-issue confirmation, and receiving green cards as proof of service. Accordingly, Plaintiff's request for compensation will be reduced by 2.25 attorney hours.

### E. Administrative Tasks:

Defendant also contests 4.00 attorney hours expended between September 6, 2014, and October 14, 2014, for the receipt and review of the Appeals Council denial, review of hearing notes in preparation for federal appeal, memo to file with appeal points, medical review, and correspondence with the Plaintiff explaining appeal rights and process. Citing *Pray v. Astrue*, 2011 WL 6937603, *2 (W.D. Ark. December 2, 2011) (finding certain tasks to be administrative in

nature), Defendant contends that Plaintiff's attorney is not entitled to recover EAJA fees for any hours of work performed before a district court action begins. We disagree. An attorney is expected to be familiar with her case prior to filing a complaint in federal court. At the very least, this will require her to review notes from the administrative proceedings and communicate with her client regarding the appellate process. Counsel should be compensated for a reasonable amount of time associated with these tasks. Thus, we find Plaintiff is entitled to 3.00 attorney hours for these tasks.

### F.    EAJA Motion:

The Commissioner also contends that the 3.25 hours Plaintiff requests in compensation for the preparation of the Motion for EAJA fees and its supporting documentation is excessive. The undersigned finds that 3.00 hours is a reasonable amount of time for the preparation of these documents. Accordingly, Plaintiff's fee award will be reduced by .25 attorney hours.

### G.    Payment of EAJA fees:

Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2528 (2010), the EAJA award should be made payable to Plaintiff. In keeping with the common practice of this Court, we will direct that the EAJA award be mailed to Plaintiff's counsel.

## IV.    Conclusion:

Based upon the foregoing, the undersigned awards the Plaintiff attorney fees under the EAJA in the amount of **$7,472.55** for attorney 7.45 hours performed in 2014 at an hourly rate of $186.00 and 32.55 attorney hours in 2015 at an hourly rate of $187.00. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

The parties are further reminded that, in order to prevent double recovery by counsel for the Plaintiff, the award under the EAJA will be taken into account at such time as a reasonable fee

is determined pursuant to 42 U.S.C. § 406.

      Dated this 1st day of September, 2016.

                                    /s/ *Mark E. Ford*
                                  HONORABLE MARK E. FORD
                                  UNITED STATES MAGISTRATE JUDGE